**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOSEPH CARTHRON                                                                                          PLAINTIFF

V.                                          4:07CV000879 JLH/JTR

ANNE GEDDINGS, Deputy Director Administrative Services,
Arkansas Department of Community Correction;
HELEN MORRISON, Restitution Employee,
Arkansas Department of Community Correction;
BECKY REEVES; Assistant Area 10 Manager,
Prosecuting Attorney Sixth Judicial District;
MELANIE MARTIN, Chief Deputy Prosecutor,
Prosecuting Attorney Sixth Judicial District;
JOHN DOES 1-4                                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### I.  Background

Pending before the Court are Defendants' Motions to Dismiss this 42 U.S.C. § 1983 action (docket entries #28 and #34), to which Plaintiff has filed a Response. (Docket entry #35.) Thus, the issues are joined and ready for disposition.

Before addressing Defendants' Motions, the Court will briefly review the relevant procedural history. Plaintiff, who resides in Malvern, Arkansas, is on parole for a felony conviction and under the supervision of the Arkansas Department of Community Correction ("DCC"). Defendant Melanie

Martin was the deputy prosecutor assigned to Plaintiff's criminal case. Defendants Anne Geddings and Helen Morrison are DCC employees. Defendant Becky Reeves admits that she was formerly a DCC employee, but states that she is no longer employed there.

On January 20, 2006, Plaintiff pleaded guilty to one count of theft of property in Pulaski County Circuit Court Case No. CR 2004-5151. (Docket entry #4, Ex. A.) On April 21, 2006, the trial court sentenced Plaintiff to 144 months in the Arkansas Department of Corrections ("ADC"), with 72 months of that sentence suspended. (Docket entry #28, Ex. A.) Additionally, Plaintiff's Judgment and Commitment Order reflects that he was ordered to pay $55,650.00 in restitution to "various victims - see probation/parole" with "regular payments until paid in full upon release from ADC through parole." *Id.* The same day Plaintiff and the State executed a "Restitution Stipulation" in which Plaintiff agreed that the restitution amount was $55,650.00. (Docket entry #28, Ex. B.) While the Restitution Stipulation provides that payments are to begin "as soon as possible," it contains a number of blank lines for the name or names of the persons who are to receive the restitution; the amount of the monthly restitution; or the date each month that restitution is payable.[1] (Docket entry #4, Ex. D.) Since Plaintiff's parole from ADC, on or around October 30, 2006, he has been supervised by DCC.

Plaintiff filed his § 1983 Complaint on September 26, 2007, and an Amended Complaint on October 2, 2007. (Docket entries #2 and #8.) In these papers, he alleges that, on or around March 25, 2007, Defendants told him that he owed $927.50 per month in restitution, including a lump sum payment of $5,570.00 for past-due sums dating back to his release on October 30, 2006. (Docket

---

[1] The Restitution Stipulation also refers to an "attachment." However, the referenced document is not attached to the Restitution Stipulation.

entry #2 at ¶ 12.)  It is undisputed that DCC calculated the monthly amount of Plaintiff's restitution to be $927.50.  (Docket entry #29.) Plaintiff paid the lump-sum amount of $5,570.00 and then began making the monthly payments.  Plaintiff further alleges that Defendants falsified court documents to arrive at the monthly payment amount, and harassed and threatened him with the risk of prison.[2] Plaintiff argues that Defendants deprived him of due process in fabricating a monthly restitution amount when in fact there was no monthly amount of restitution set by the trial court at the time of sentencing.  By way of relief, Plaintiff requests: (1) injunctive relief ordering the Pulaski County Circuit Court to change the monthly payment (but does not specify an amount); (2) $100,000 in mental anguish and economic damages from each Defendant; and (3) $450,000 in punitive damages from each Defendant.  (Docket entries #2 and #8.)

On November 20, 2007, Defendants Morrison, Martin, and Geddings filed a Motion to Dismiss Plaintiff's Complaint and Amended Complaint, arguing that his claims are barred by: (1) the *Younger* abstention doctrine; (2) prosecutorial immunity, which applies to Defendant Martin; and (3) the Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Defendants also contend that Plaintiff has failed to state a claim upon which relief could be granted.  On December 6, 2007, Defendant Reeves filed a Motion to Dismiss Plaintiff's Complaint and Amended Complaint in which

---

[2]The record indicates that, in March of 2007, DCC asked Defendant Martin to provide it with "the restitution sheet information."  (Docket entry #35, December 10 Hearing Tr. at p. 10.) Defendant Martin then faxed DCC a signed form titled "Restitution" indicating that the total restitution amount was $55,650.00 and that Plaintiff was to begin making regular restitution payments "as soon as [he was] paroled out of the ADC."  After receipt of this sheet, someone at DCC handwrote on it "60 MO ÷ $55,650 = $927.50 monthly payment."  Plaintiff characterizes this notation as a "forgery" and as a "falsified" court document.

4

she adopts the arguments raised by the other Defendants and raises the new defense of insufficiency of service of process. (Docket entry #34.) On December 20, 2007, Plaintiff filed a Response. (Docket entry #35.)

For the reasons discussed below, the Court concludes that it should abstain from hearing Plaintiff's claim for injunctive relief, and that Plaintiff's claim for money damages has not yet accrued. Thus, the Court recommends that Defendants' Motions to Dismiss be granted, and that this case be dismissed, without prejudice.

## II.  Discussion

**A.     Plaintiff's Claim for Injunctive Relief**

In *Younger v. Harris,* 401 U.S. 37 (1971), the Court directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996).

The dispute over Plaintiff's restitution is part of an ongoing state judicial proceeding that implicates important state interests.  Under Arkansas law, when a criminal defendant is ordered to pay restitution and is placed on probation or any form of conditional release, the ordered restitution "is a condition of the suspended imposition of sentence, probation, parole, or transfer." Ark. Code Ann. § 5-4-205(f)(1).  The court may revoke probation if a defendant fails to comply with the restitution order and the defendant has not made a good-faith effort to comply with the order. Ark. Code Ann. § 5-4-205(f)(2).

Moreover, assuming for the sake of argument that Plaintiff's allegations present a federal question, the state court provides Plaintiff with a forum for pursuing those claims.  The record

5

indicates that there are currently two pending motions in Plaintiff's state criminal case: (1) the State's motion requesting that DCC be ordered to conduct a financial assessment of Plaintiff and that the trial court establish a monthly payment amount; and (2) Plaintiff's Motion requesting that his criminal case be dismissed in its entirety based on prosecutorial misconduct which deprived him of his constituional rights. (Docket entry #15 at pp. 7-8; Docket entry #28, Exs. C and D.) On November 20, 2007, the trial court conducted a hearing on the motions, which was continued so that counsel could be appointed for Plaintiff. (Docket entry #35, Transcript of November 30, 2007 Hearing.) At a hearing on December 10, 2007, Plaintiff appeared with counsel, and the matter was again continued until February 1, 2008, so that Plaintiff's financial documents could be obtained. (Docket entry #35, Transcript of December 10, 1007 Hearing). Thus, the issue of an appropriate monthly payment amount and Plaintiff's constitutional claims remain pending and are currently scheduled for a hearing in state court.

Under these circumstances, the Court concludes that it should abstain from exercising jurisdiction over Plaintiff's claim for injunctive relief in accordance with *Younger*.[3] Accordingly, the Court recommends that Defendants' Motions to Dismiss be granted, and that Plaintiff's claim for injunctive relief be dismissed, without prejudice.

**B.     Plaintiff's Claim for Money Damages**

The Court next considers whether Plaintiff's claims for money damages are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Pursuant to *Heck*, a party may not, through an action under 42 U.S.C. § 1983, cast doubt on the validity of his confinement unless his judgment or

---

[3]While the *Younger* doctrine contains an exception under which bad faith, harassment, or any other extraordinary circumstance may make abstention inappropriate, Plaintiff has made no showing that this exception should be applicable to the facts of this case. *See Younger*, 401 U.S. at 53.

commitment has first been invalidated or overturned in a state habeas or similar proceeding, or through a federal petition for a writ of habeas corpus brought after exhaustion of state court remedies. The *Heck* rule has also been applied to proceedings that call into question the fact or duration of parole. *See Littles v. Board of Pardons*, 68 F.3d 122, 123 (5th Cir.1995).

Plaintiff's claim for monetary damages is based on the theory that, due to Defendants' alleged actions, his restitution payments were "invalid." This implies the invalidity of the restitution order itself. In other words, a judgment in Plaintiff's favor would necessarily imply the invalidity of the restitution ordered by the state court. This is the very relief Plaintiff is currently seeking in state court in his Motion to Dismiss, where he alleges that Defendants' unconstitutional acts warrant a dismissal of the entire case against him. (Docket entry #15 at p.7.) These issues are still pending before the state court, and there has been no determination of the invalidity of any aspect of Plaintiff's restitution, parole, or conviction.[4] Thus, under *Heck*, the Court concludes that Petitioner's claim for damages has not yet accrued. Accordingly, the Court recommends that Defendants' Motions to Dismiss be granted, and Plaintiff's claims for money damages be dismissed, without prejudice.[5]

---

[4]Petitioner insists that the trial court "has announced the invalidity of the $927.50 monthly payment," during one or both hearings that took place on November 20 and December 10. The Court has reviewed the transcripts of those hearings and does not read them to contain such a ruling. If anything, the trial court's comments indicate that DCC's calculation of a $927.50 payment benefitted Plaintiff in that he could have been held liable for the *entire restitution amount*: "And since that part of it [the restitution stipulation] was blank, I believe that the law provides that it's all [the restitution] due right now." (Docket entry #35, November 20 Hearing Tr. at p.7.)

[5]Because the Court concludes that Plaintiff's claims are barred under *Younger* and *Heck*, it is unnecessary to address Defendants' other arguments for dismissal.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' Motions to Dismiss (docket entries #28 and #34) be GRANTED, and the case DISMISSED, WITHOUT PREJUDICE.

Dated this 4th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE